## Perugino v. Samson Land & Development Co.

*Daniel B. Trocki,* for plaintiff.

*Albert H. Aston, R. Carl Griffith* and *Jerome L. Cohen,* for defendants.

BIGELOW, J., for the court en banc, July 30, 1965.— This matter comes before the court on defendants' preliminary objections, filed April 19, 1965, to amended complaint in mandamus seeking a summary judgment. . .

Plaintiff's amended complaint, filed March 29, 1965, avers that he is the owner of 500 shares of common stock in defendant corporation; that he requested the president of defendant corporation on March 4, 1965, and March 5, 1965, at 400 Kidder Street, Wilkes-Barre, Pa., the principal place of the corporate defendant's business, to allow plaintiff to examine the books and records of defendant corporation for the purpose of determining the value of plaintiff's stock; that plaintiff has requested the treasurer of defendant corporation on March 8, 1965, and March 16, 1965, at 400 Kidder Street, Wilkes-Barre, to allow him to examine the corporate records to determine the value of his stock; and that the president and treasurer refused to allow this request because of imminent corporate insolvency; that on March 8, 1965, and March 16, 1965, plaintiff presented to the treasurer of defendant corporation certi-

ficates of common stock of defendant corporation, duly signed by the owner thereof, transferring said certificates to plaintiff, with Federal transfer stamps affixed thereon, and requested the treasurer to register plaintiff as a shareholder of defendant corporation and issue new certificates to plaintiff evidencing his ownership of 500 shares of the common stock of defendant corporation; that it is the legal duty of said treasurer to so register plaintiff and issue said new certificates to him and to permit plaintiff to examine the corporate books and records to determine the value of his stock. Plaintiff, in his amended complaint, seeks an order of the court that the treasurer and corporate defendant register plaintiff as a shareholder and issue the new share certificates, and that the treasurer and corporate defendant produce the corporate books and records and allow plaintiff to inspect these books and records.

On April 23, 1965, plaintiff filed a motion for summary judgment, after notice to defendants, asking for summary judgment, granting the relief requested in plaintiff's amended complaint, and setting forth the following reasons for summary judgment:

"4. The plaintiff is entitled to summary judgment because:

"A. Defendant has the duty to register plaintiff as a stockholder of defendant corporation under 1953, April 6, P. L. 3 §8-401 as amended 1959 October 2, P. L. 1023 §8, 12A P. S. 8-401.

"B. Defendant's restrictions on stock transfer are ineffective under 1953, April 6, P. L. §8-204 as amended 1959, October 2, P. L. 1023 §8, 12A P. S. 8-204.

"C. Plaintiff has the right to examine and inspect defendant's corporate records under 1933, May 5 P. L. 364, art. 111, §308, 15 P. S. 2852-308.

"D. Plaintiff would be irreparably harmed unless provided the immediate opportunity to exercise the above statutory rights to which he is clearly entitled".

After argument of this motion before Bigelow, J., on April 23, 1965, the court ordered this motion for summary judgment held in abeyance until the merits of defendants' preliminary objections were determined at argument court, assigning as the reason for this postponement that the pleadings did not establish plaintiff's clear right to summary judgment, and further directed that plaintiff's motion for summary judgment be reconsidered by the court at that time.

Defendants' preliminary objections will be considered seriatim:

1. *Plaintiff's Capacity To Sue.* plaintiff avers that he is the owner of 500 shares of stock and has attached a reproduced copy of said stock certificates to his answer to defendants' preliminary objections to plaintiff's complaint.

In their preliminary objections, endorsed with a notice to plead, defendants aver that plaintiff is not a stockholder of defendant corporation, that there is no stock registered in his name, and that pursuant to a restrictive stock agreement dated November 18, 1963, Joseph J. Schmidt, the registered owner of the shares allegedly owned by plaintiff, agreed, inter alia, to offer said shares to the other stockholders at a determinable price before selling to any other person. A copy of this agreement is attached to defendants' preliminary objections. Defendants conclude that plaintiff is, therefore, not beneficially interested in defendant corporation, and thus that the writ may not issue on his application, under the Act of June 8, 1893, P. L. 345, sec. 3, 12 PS §1913. Plaintiff's answer to defendants' preliminary objections in substance denies that the agreement attached to the preliminary objections is that entered into among the stockholders, and further avers that there was only one other stockholder besides, other than plaintiff's assignor, and that Joseph J. Schmidt and the remaining stockholder, Sandor Deutsch, exe-

cuted an option agreement on August 21, 1964, whereby Deutsch had an option to purchase Schmidt's shares for a fixed price, this option to terminate and be void on February 21, 1965.

On the basis of the aforesaid, this court cannot hold as a matter of law that plaintiff has no capacity to institute this action in mandamus. Section 8-401 of the Uniform Commercial Code, April 6, 1953, P. L. 3, as amended, 12A PS §8-401, establishes the duty of an issuer to transfer a security upon presentation and request. Section 8-204 of the same act, 12A PS §8-204, provides that a restriction on transfer imposed by the issuer is ineffective unless noted conspicuously on the security, except against a person with actual knowledge of it. Whether or not plaintiff had knowledge of this alleged restriction is a matter of defense on the merits to this action, and is not established by the preliminary objections and answers thereto. Plaintiff, for the purposes of these preliminary objections, has by his averments brought himself within the requirements of section 8-401, supra. The copies of the share certificates attached to his answer to the preliminary objections do not disclose any notation thereon of the restrictive agreement.

Furthermore, under section 8-105 of the Uniform Commercial Code, 12A PS §8-105, as defendants have not questioned the signatures of the assignor or raised any objection to the validity of the security, plaintiff, a holder of these securities, has a prima facie right of action on the securities and, a fortiori, he has capacity to bring such action. Therefore, defendants' first objection is without merit, and will be dismissed. . . .

Accordingly, we enter the following

## ORDER

The preliminary objections filed on behalf of defendants are hereby dismissed, defendants' demurrer is

overruled, plaintiff's demand for summary judgment is denied, and defendants are directed to file an answer to plaintiff's complaint within 20 days.